UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDGE ALEXANDER FERNANDEZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHAUN DONOVAN, Secretary of the U.S. )<br>Department of Housing and Urban )<br>Development, )<br>)<br>DAVID T. ANDERSON, Director, Office of )<br>Hearings and Appeals at the U.S. )<br>Department of Housing and Urban )<br>Development (in his professional capacity), )<br>)<br>and )<br>)<br>MARCELA E. BELT, Chief Executive )<br>Officer at the U.S. Department of )<br>Housing and Urban Development (in her )<br>professional capacity), )<br>)<br>Defendants. ) | Civil Case No. 10-185 (RJL) |

## MEMORANDUM OPINION
(January /2, 2011) [#10]

Plaintiff Alexander Fernandez ("plaintiff"), an Administrative Law Judge ("ALJ") for the U.S. Department of Housing and Urban Development ("HUD"), brings this action against Shaun Donovan in his capacity as Secretary of HUD ("defendant Donovan") and two individual HUD employees David T. Anderson in his capacity as Director of the Office of Hearing and Appeals ("defendant Anderson") and Marcela E. Belt in her capacity as Chief Executive Officer ("defendant Belt" and collectively "defendants").

1

Plaintiff alleges discrimination based on disability and national origin, retaliation, harassment and violations of the Federal Administrative Procedures Act ("APA"). Currently before the Court is defendant Donovan's motion to dismiss counts V and VI, the APA claims, and to dismiss all counts against individual federal employees, defendant Anderson and defendant Belt. Upon consideration of the parties' pleadings, relevant law, and the entire record herein, defendant Donovan's Motion to Dismiss is GRANTED.

## BACKGROUND

In September 2008 plaintiff began work as an ALJ in HUD's Office of Hearing and Appeals ("OHA"). Compl. ¶ 23. Shortly thereafter tensions arose between plaintiff and defendant Anderson, plaintiff's supervisor and the director of OHA. *See* Compl. On December 16, 2008, plaintiff filed a formal complaint with the HUD Office of Departmental Equal Employment Opportunity ("EEO"). Compl. ¶ 14; Pl.'s Mot. for Leave to File Sur-Reply, Ex. Fernandez EEO Complaint with Attachments [#14-3] ("EEO Compl."). In the EEO complaint, plaintiff made six separate allegations of discrimination based on physical disability, reprisal and retaliation. EEO Compl. Relevant to this motion, plaintiff alleged, *inter alia*, that he had not received an equitable work-load and that defendant Anderson inappropriately issued notices on his docket and withheld information. *Id.* Plaintiff further provided email and other documentation evidencing plaintiff's conversations and altercations with defendant Anderson, as well as conversations with other HUD and EEO employees. *Id.*

On February 2, 2010, plaintiff filed this action. Along with various allegations of discrimination on the basis of disability and national origin, plaintiff alleges, in Counts V and VI, violations of the APA. Specifically, plaintiff claims that defendant Anderson assigned cases to HUD's ALJs based on political motivations and that defendant Anderson and others interfered with plaintiff's judicial independence. Compl. ¶¶ 155-59. In support of these claims, plaintiff alleges various instances in which defendant Anderson improperly assigned cases to the HUD ALJs, caused notices to be issued on plaintiff's docket, corresponded with parties appearing before the ALJs, thwarted communications between the ALJs and U.S. Department of Justice, interfered with the ALJ docket, and interfered with the scheduling of ALJ hearings. Compl. ¶¶ 54-92. Further, plaintiff alleges that despite raising these issues with HUD management, nothing was done to address his concerns. Compl. ¶¶ 93-95.

Defendant Donovan now argues that this Court does not have subject-matter jurisdiction over the APA claims because plaintiff did not exhaust those claims at the administrative level. Def.'s Mot. Dismiss at 5-6. In particular, defendant Donovan argues that because plaintiff's APA claims are, in fact, challenges to employment actions, the Civil Service Reform Act ("CSRA") provides plaintiff's exclusive remedy. *Id.* In response, plaintiff argues that his complaint to the EEO qualifies as a "mixed case complaint" under CSRA, 5 U.S.C. § 7702. Pl. Opp'n to Def.'s Mot. Dismiss ("Pl. Opp'n") at 8-11. As such, plaintiff maintains that his administrative remedies have been exhausted. *Id.* at 8. I disagree.

## ANALYSIS

The question of whether a plaintiff failed to exhaust administrative remedies may be resolved in a Rule 12(b)(1) motion, as a jurisdictional issue, or in a Rule 12(b)(6) motion for failure to state a claim. *See, e.g., Marcelus v. Corr. Corp. of America*, 540 F. Supp. 2d 231, 234-35 (D.D.C. 2008). Indeed, our Circuit has explained that if a statute contains "sweeping and direct statutory language indicating that there is no federal jurisdiction prior to exhaustion," the exhaustion requirement is jurisdictional and a 12(b)(1) motion is appropriate; however, if such statutory language does not exist, "the exhaustion requirement is treated as an element of the underlying claim" and a 12(b)(6) analysis is required. *Avocados Plus Inc. v. Veneman*, 370 F.3d 1243, 1247-48 (D.C. Cir. 2004) (citations and internal quotations omitted). While courts have struggled with this distinction, particularly in the area of employment discrimination, *see Marcelus*, 540 F. Supp. 2d at 234-35, our Circuit Court has determined that "[u]nder the CSRA, exhaustion of administrative remedies is a jurisdictional prerequisite to suit." *Weaver v. United States Info. Agency*, 87 F.3d 1429, 1433 (D.C. Cir. 1996). This Court, therefore, will review defendant's motion under the 12(b)(1) framework.[1]

---

[1] Ultimately, whether defendant Donovan's motion is resolved under 12(b)(1) or 12(b)(6) does not affect the outcome. 12(b)(1) and 12(b)(6) motions are reviewed using similar standards. Indeed, while plaintiff's allegations "will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim," *Dews-Miller v. Clinton*, 707 F. Supp. 2d 28, 40 (D.D.C. 2010) (*citing Wilbur v. CIA*, 273 F. Supp. 2d 119, 122 (D.D.C. 2003), any level of scrutiny, in this case, will yield the same result. Further, while the Court may consider matters outside the pleadings when deciding a 12(b)(1) motion, *see Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992), regardless of whether one looks outside the pleadings, the result here remains the same.

4

Under Federal Rule of Civil Procedure 12(b)(1), "the plaintiff bears the burden of establishing the factual predicates of jurisdiction by a preponderance of the evidence." *Lindsey v. United States*, 448 F. Supp. 2d 37, 42 (D.D.C. 2006) (*quoting Erby v. United States*, 424 F. Supp. 2d 180, 182 (D.D.C. 2006)). A court may dismiss a complaint for lack of subject matter jurisdiction only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Richardson v. United States*, 193 F.3d 545, 549 (D.C. Cir. 1999) (*quoting Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1086 (D.C. Cir. 1998)). Irrespective, when reviewing a challenge pursuant to Rule 12(b)(1) the court must accept all material allegations in the complaint as true and must construe the complaint in favor of the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975).

Under the CSRA, a "mixed case" is defined as "an adverse personnel action subject to appeal to the MSPB coupled with a claim that the action was motivated by discrimination." *Butler v. West*, 164 F.3d 634, 638 (D.C. Cir. 1999) (*citing* 5 U.S.C. § 7702). Procedurally, the statute provides a party various paths in pursuing a mixed case. *Id.* One path, which plaintiff claims to have followed here, requires a party to file a "mixed case complaint" with the relevant agency's EEO office. *Id.* A "mixed case complaint" is defined in 29 C.F.R. § 1614.302(a) as:

> a complaint of employment discrimination filed with a federal agency based on race, color, religion, sex, national origin, age, disability, or genetic information related to or stemming from an action that can be appealed to the Merit Systems Protection Board (MSPB). The complaint may contain only an allegation of employment discrimination or it may contain additional allegations that the MSPB has jurisdiction to address.

5

Once a mixed case complaint is filed, "the relevant agency EEO office . . . can and must address both the discrimination claim and the appealable personnel action." *Butler*, 164 F.3d at 638. If, however, after 120 days, the agency's EEO office has failed to issue a final decision and if no appeal has been filed with the MSPB, the party may file a civil action in district court. 5 U.S.C. § 7702(e); *see Butler*, 164 F.3d at 638.

Here, parties disagree whether plaintiff properly filed a "mixed case complaint" at the administrative level. Indeed, if plaintiff failed to do so, this Court would clearly lack jurisdiction to decide Counts V and VI, as plaintiff would have failed to exhaust his administrative remedies under the CSRA and jurisdiction would lie solely with the Federal Circuit. 5 U.S.C. § 7703 (requiring that challenges to personnel actions, once exhausted, be brought in the Federal Circuit). Defendant Donovan argues, therefore, that because plaintiff did not raise his APA claims before the EEO, plaintiff did not properly bring a mixed case and the APA claims are foreclosed. Def.'s Reply at 2-6. Plaintiff, however, responds that: (1) the attachments to his EEO complaint make it clear that he was bringing both the APA claims and the discrimination claims;[2] and (2) the regulations clearly permit a party to bring a mixed case while only raising an allegation of employment discrimination. Pl. Sur-Reply at 2-9. Despite these arguments, this Court need not determine whether plaintiff properly filed a mixed case complaint before the

---

[2] This argument is to no avail. In fact, plaintiff points to a December 1, 2008 email in which plaintiff writes to HUD's Chief of Staff specifically noting, *inter alia*, that he believed defendant Anderson to be violating the APA. Plaintiff's claims, however, give no further clarity or detail to the broad claims alleged in his formal EEO complaint, filed two weeks later. EEO Compl. at 84.

6

EEO.³ This Court finds that, under any scenario, plaintiff did not exhaust his administrative remedies. How so?

Stated simply, plaintiff did not raise his APA claims before the EEO. Indeed, all of plaintiff's claims before the EEO assert discrimination on the basis of disability, reprisal and retaliation. *See* EEO Compl. at 2. Plaintiff did not raise any claims relating to defendant Anderson's improper political motivations in assigning cases or to any threat to plaintiff's judicial independence as would violate the APA.⁴ *See id.* Further, plaintiff's allegations that defendant Anderson improperly (1) corresponded with parties appearing before the ALJs, (2) thwarted communications between the ALJs and U.S. Department of Justice, (3) interfered with the ALJ docket, and (4) interfered with the scheduling of ALJ hearings were not raised at all before the EEO. *Compare* Compl. ¶¶ 70-92 *with* EEO Compl. at 2-3, 52-75.

While plaintiff did allege that defendant Anderson did not distribute the caseload equitably among the ALJs and issued notices on plaintiff's docket, these allegations

---

³ Notably, contrary to defendant Donovan's contention, this Court is persuaded that, under 29 C.F.R. § 1614.302(a), plaintiff need not have raised his APA claims in order to fall within the § 7702 – mixed case – procedural framework. 29 C.F.R. § 1614.302(a) clearly permits a mixed case complaint filed with a EEO to raise only allegations of discrimination so long as those allegation are "related to or stemming from" an employment action appealable to the MSPB. Nevertheless, this Court is not persuaded by plaintiff's repeated statements that the defendant concedes that plaintiff's APA claims are adverse employment actions appealable to the MSPB. Thus, because, as stated above, this Court need not reach the question of whether plaintiff properly raised a mixed case, it will not decide that question here.

⁴ Further, the attachments to plaintiff's EEO complaint do not address these deficiencies. Plaintiff points to email exchanges from November 20, 2008 and from December 1-8, 2008. Nothing in these exchanges indicate that defendant Anderson's actions were motivated by political considerations or directed at plaintiff's judicial independence. *See* EEO Compl. at 52-56, 70-75.

7

cannot bring plaintiff's APA claims within the scope of his EEO complaint. The Title VII context is informative. Under Title VII, a lawsuit is "limited in scope to claims that are like or reasonably related to the allegations of the [EEO complaint]." *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995); *see also Marshall v. Federal Express Corp.*, 130 F.3d 1095, 1098 (D.C. Cir. 1997); *Jones v. Wash. Times*, 668 F. Supp. 2d 53, 58 (D.D.C. 2009) (explaining that "a subsequent civil action is limited to the matters addressed at the administrative level"). Indeed, although this "requirement should not be construed to place a heavy technical burden on individuals untrained in negotiating procedural labyrinths . . . . the requirement of some specificity in [a EEO complaint] is not a mere technicality." *Park*, 71 F.3d at 907 (internal quotation omitted); *see also Hodge v. United Airlines*, 666 F. Supp. 2d 14 (D.D.C. 2009) (finding that plaintiff's indication in his EEO complaint he "'wrote a letter of harassment'" to headquarters was "not specific or elaborate enough to allow the EEOC to infer the existence of a hostile work environment" and therefore could not sustain the claim before the district court); *Beckham v. AMTRAK*, 636 F. Supp. 2d 111, 115 (D.D.C. 2009) (finding that plaintiff's allegations at the administrative level were "too vague and circumscribed" to constitute a specific complaint of discrimination). While the procedures required under Title VII are different from those required for a CSRA "mixed case," the principles of exhaustion require a similar standard. Plaintiff's allegations that he "received an inequitable caseload allocation" and that defendant Anderson "caused Notices to be issued" on his

docket were insufficient to sustain plaintiff's specific APA claims. Counts V and VI are, therefore, dismissed.[5]

Finally, defendant Donovan moves this Court to dismiss all counts against individual federal employees, defendant Anderson and defendant Belt. In response, plaintiff states that he "does not object to . . . dismissing Defendant Anderson and Defendant Belt from this action." Pl. Opp'n at 17. Indeed, whether this court construed plaintiff's action as a mixed case under the CSRA or a straight discrimination case, the only proper defendant would be the agency's secretary – defendant Donovan. *See, e.g.*, 42 U.S.C. 2000e-16(c). All counts against individual federal employees, defendant Anderson and defendant Belt are, therefore, dismissed.

---

[5] Defendant Donovan also argues that plaintiff's APA claims must be dismissed because plaintiff lacks constitutional standing to bring those claims. Def.'s Mot. to Dismiss at 10-12. Specifically, defendant Donovan challenges whether plaintiff has suffered an "injury in fact" because "the rules regarding random assignment of cases and judicial independence are intended for the benefit of the parties whose cases are adjudicated by the ALJs in OHA – not for the benefit of the ALJs themselves." *Id.* at 11-12 (*citing Goodman v. Svahn*, 614 F. Supp. 726, 728 (D.D.C. 1985)). Plaintiff, however, points to Second Circuit and other precedent holding that ALJs have standing to safeguard their judicial independence. Pl. Opp'n at 14 (*citing Nash v. Califano*, 613 F.2d 10 (2d Cir. 1980)). This Court, however, disagrees with plaintiff's assessment of his own case. This case is not analogous to *Nash*, or to any other case cited by plaintiff. The Court agrees with defendant Donovan that plaintiff's allegations do not implicate an issue broad enough to affect plaintiff's actual decision making. *See Nash*, 613 F.2d at 16. The injury here, therefore, does not lie with the ALJ, but – as this Court made clear in *Goodman* – with the parties appearing before the ALJ. *See Goodman*, 614 F. Supp. at 728. Plaintiff, therefore, does not have standing to bring these claims.

## CONCLUSION

For all of the foregoing reasons, the Court GRANTS the defendant's Motion to Dismiss Counts V and VI and to Dismiss All Counts against Individual Federal Employees [#10]. An order consistent with this decision accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge